*1034 OPINION.
Love:
In this case the petitioners urge their right to have the $50,000 item here in controversy, as represented by the note, copied into our findings, treated as a debt due by the decedent at the date of his death, and as such a debt they claim it is deductible as a claim against the_ estate. The Commisioner denied the deduction, but did allow it as a bequest, nontaxable, to the extent of its “ present worth ” in arriving at the net taxable estate. In that computation it would seem that the Commissioner ignored, in a way, the note, and based his computation on the will, and treated the item as a bequest as per the will, and not as a debt, as per the note.
The decedent died in 1925; hence, the Revenue Act of 1924 is the applicable statute. Section 303(a) (1) of that act, in stating allowable deductions from gross estate, prescribes “ such amounts for funeral expenses, administration expenses, claims against the estate, unpaid mortgages upon, or an indebtedness in respect to, property (except in the case of a resident decedent, where such- property is not situated in the United States) to the extent that such claims, mortgages, or indebtedness were incurred or contracted bona fide and for a fair consideration in money or money’s worth.” The 1926 Act is to the same effect. That note, as such, in view of the fact that a part of the consideration for its execution, was as stated in the note itself, subscriptions by others to the same institution, may have been a valid, legal claim against the estate, and enfórcible at law independent of the provisions of the will. The probate court seems to have so considered it.
However that may be, it falls short of meeting the requirements prescribed in the Federal estate-tax law, and that is the law we are now dealing with. The consideration for that note was not money, or money’s worth. We believe the Commissioner treated the *1035 proposition in accordance with the law applicable thereto, and his action is therefore approved.
We have stated the entire amount of the deficiency. However, the record discloses the fact that said amount is to be reduced by certain, credits for State inheritance tax. Such adjustment should be made.

Judgment will be entered under Rule 50.